## Smith v. Housing Authority of Chester County

C.P. of Chester County, no. 98-06419.

*Elliott M. Casteneda,* for petitioner.
*George W. Raleigh,* for respondent.

WOOD, *J.,* October 20, 1998—I heard this matter de novo sitting without a jury, in the nature of an appeal from a local agency, on October 13, 1998.

The petitioner, Alsenia Smith, had been receiving rental subsidies from the Housing Authority of Chester County pursuant to the so-called "Section 8" program. Qualification for this program depends on a number of things: That the applicant provide accurate information about household members; that the number of household members not be increased without permission from the authority; that the authority be notified if adult members leave the household; and that the tenant comply with her lease with the private landlord. These requirements are all contained in respondent's exhibit no. 1, which is an extract from the federal regulations regarding the Section 8 program. The housing authority contends that Alsenia Smith has violated these provisions.

The testimony at the hearing supports the following findings of fact: That Alsenia Smith failed to pay her water bill in full under her lease, as she was required to do; that she failed to provide full social security numbers for Ali Akbar Wells and Lewis Smith, her son, at various times; that she didn't provide a birth certificate for Ali Akbar Wells; that she said at one point that Lewis Smith lived with her, although she denied that he did during the hearing; and that Lewis Smith did not sign a certain consent form.

Reading between the lines of the testimony offered at the hearing, it seemed to me that the most material of the housing authority's complaints were that Ms. Smith had not provided the housing authority with full and accurate information about the occupants of her household, and that she was sneaking unauthorized persons, particularly Lewis Smith, into her house, without getting permission from the housing authority.

With respect to the lease problems with the landlord, it appears that Ms. Smith worked out a way to reimburse the landlord for the unpaid water bill. With respect to some of the information, it appears that she gave partial information, such as the presence of Ali Akbar Wells in her household without providing his social security number (which she said that she didn't have). I gather the housing authority knew that he was living there. I am not even at this point clear on whether they think she was deceiving them by saying he wasn't there, or that she was deceiving him by saying that he was there.

With respect to Lewis Smith, he may very well have been living with her illegally, but the situation regarding him kind of points up the difficulty about this whole case: The difference between what's true and what's proven. This is a distinction which I think it is sometimes diffi-

cult for non-lawyers and young lawyers to grasp. Lewis may very well have been living with Ms. Smith, but both he and Alsenia Smith have denied it under oath, and the contrary proof is that she said that he was living there during an informal telephone call to the housing authority. I would think that the housing authority should produce some firmer proof that he was in fact there.

Both counsel have agreed that I should use as guidance the opinion of Chief Judge Scholl in *Sweeney v. Housing Authority of Chester County,* 215 B.R. 97, a case which also involved a challenge to a cancellation of a Section 8 certificate under the program of the Chester County Housing Authority. Basically what Judge Scholl says is that violations of the program requirements should be material before a person's certificate is cancelled. I agree with that proposition, and I don't think either attorney would argue with it.

I don't think that the housing authority has proved a material violation of any of the regulations in this case. Ms. Smith certainly provided incomplete information; she may even have provided inaccurate information. But, as a "for instance," I find it hard to fault her for not providing the social security number of Ali Akbar Wells. She noted his presence in the household on her personal declarations, and if he was placed with her by CYF, our local child welfare agency, as she claims, it is understandable that she may not have had his social security number. In any event, she did acknowledge that he was there.

With respect to Lewis Smith, I don't think the housing authority has carried its burden of proving that he was living in Ms. Smith's premises illegally.

I served as solicitor for the housing authority for a number of years prior to going on the bench, and I am

well aware of the difficulties of insuring that people who receive the benefits of subsidized housing comply with all the requirements of the program. On the other hand, as Judge Scholl notes, low income people need housing, and should not be deprived of it unless it is shown that they have materially and culpably violated the rules of the program. I don't think that that has been adequately shown here.

### ORDER

And now, October 20, 1998, the Housing Authority of Chester County is directed to restore Alsenia Smith to the Section 8 program, conditioned upon her ongoing compliance with the rules of that program.